IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
at Santa Fe, NM

JUL 27 1999

ROBERT M. MARCH, Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GEORGE W. ACOSTA, et al.,

Plaintiffs,

-vs-

CYPRUS AMAX MINERALS
COMPANY,

Defendant.

No. CIV 99 0826 ,,,

LESLIE C. SMITH

## NOTICE OF REMOVAL

**COMES NOW** the Defendant Cyprus Amax Minerals Company ("Cyprus") and in support of this Notice of Removal states:

1.  This action was commenced on June 7, 1999 by the filing of a Complaint for Breach of Contract entitled *Acosta et al. v. Cyprus Amax Minerals Company* in the Fifth Judicial District Court, County of Eddy, State of New Mexico, as Cause Number CV-99-239-JLS. The Complaint was not served on Cyprus, and Cyprus was not otherwise aware of the pendency of this action. Plaintiffs filed an Amended Complaint on June 8, 1999. The Amended Complaint was served on Cyprus on July 16, 1999. A copy of the Amended Complaint and Summons are attached hereto as Exhibit A, which is a complete copy of all process served on Defendant.

2.  As of the date of the filing of the Amended Complaint and as of this date, Cyprus is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Colorado. All Plaintiffs are citizens of

the State of New Mexico. Accordingly, there is complete diversity of citizenship between each Plaintiff and Cyprus.

3. This is an action arising under the provisions of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiffs allege that they were formerly employed at a potash mine in Eddy County, New Mexico owned by Horizon Potash Corporation. Plaintiffs lost their jobs when Horizon Potash closed the mine and declared bankruptcy. A corporate predecessor of Cyprus Amax, Inc. at one time owned 100% of the stock of Amax Potash Corporation. In 1992, Amax, Inc. sold all of the stock of Amax Potash to Horizon Gold Corp. Horizon Gold Corp. changed the name of Amax Potash to Horizon Potash. In this suit, even though Cyprus Amax was never their employer, Plaintiffs allege that Cyprus Amax is liable to them under ERISA for Horizon Potash's refusal to honor a purported severance pay agreement.

4. While the Amended Complaint does not specifically allege the amount of Plaintiffs' claimed severance pay damages or the attorney's fees claimed under 29 U.S.C. § 1132(g), many of the named Plaintiffs are also members of a class that has sued Cyprus Amax under the Worker Adjustment Retraining Notification (WARN) Act, 29 U.S.C. § 2101. This Court (Hon. Leslie C. Smith) dismissed that action, and it has been appealed to the United States Court of Appeals for the Tenth Circuit, (*Robert F. Kirby, et al. v. Cyprus Amax Minerals Company*, No. 98-2341). Plaintiffs' most recent settlement demand in that related case exceeded $1 million.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 29 U.S.C. §1132(e)(1). Plaintiffs' ERISA claim arises under the

Constitution, laws or treaties of the United States, and this Court thus has general federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specific statutory federal question jurisdiction is conferred by 29 U.S.C. § 1132(e)(1). Moreover, as demonstrated above, there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. This action is therefore properly removed pursuant to 28 U.S.C. §§ 1441(a), (b) and 28 U.S.C. § 1446.

6. Written notice of the filing of this Notice of Removal in this Court is being served on this date on Plaintiffs' counsel of record.

7. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Fifth Judicial District Court, County of Eddy, with a copy of the Notice of Filing of Notice of Removal attached hereto as Exhibit B.

> COMEAU, MALDEGEN, TEMPLEMAN
> & INDALL, LLP
> P.O. Box 669
> Santa Fe, New Mexico 87504-0669
> 505/982-4611
>
> By _____
> (Michael R. Comeau
> Attorneys for Cyprus Amax Minerals Co.

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 1999, a copy of the foregoing Notice of Removal was deposited in the United States Mail at Santa Fe, New Mexico, first class, postage prepaid, addressed to Plaintiffs' counsel of record, to-wit: W. T. Martin, Jr., Martin & Shanor, Attorneys at Law, P.O. Box 2168, Carlsbad, New Mexico 88221-2168.

_____
Michael R. Comeau



**FIFTH JUDICIAL DISTRICT COURT**
**COUNTY OF EDDY**
**STATE OF NEW MEXICO**

GEORGE V. ACOSTA, et al.,

    Plaintiffs,

vs.                                                                                 No. CV-99-230-JLS

CYPRUS AMAX MINERALS COMPANY,

    Defendant.

## SUMMONS

TO:  <u>CYPRUS AMAX MINERALS COMPANY</u>

Defendant, Greeting:

    You are hereby directed to serve a pleading or motion in response to the Amended Complaint within thirty (30) days after service of the Summons, and file the same, all as provided by law.

    You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for the relief demanded in the Amended Complaint.

Attorney for Plaintiff:    **Martin & Shanor, L.L.P.**
    509 West Pierce Street
    Post Office Box 2168
    Carlsbad, New Mexico 88220
    (505) 887-3528

    **WITNESS** the Honorable **JAMES L. SHULER**, District Judge of said Court of the State of New Mexico and Seal of the District Court of Said County, this ___8___, day of __June__, 199_9_.

ELEANOR JARNAGIN, CLERK

By _Angela Hernandez_
    Deputy

(SEAL)

**NOTE:**

This summons does not require you to seek, telephone or write to the District Judge of the Court at this time.

It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within (30) days after the Summons is legally served on you. If you do not do this, the party suing may get a Court Judgment by default against you.

EXHIBIT A

# FIFTH JUDICIAL DISTRICT COURT
# COUNTY OF EDDY
# STATE OF NEW MEXICO



EDDY COUNTY, N.M.
5TH JUDICIAL DISTRICT
FILED
99 JUN -8 PM 2:4[?]
ELEANOR [...]
DISTRICT COURT CLERK

GEORGE V. ACOSTA,
ELLEN B. BONNEY,
WANDA BRICKER,
JOHN F. BUHALTS III,
JANE LYNNE BUJAC,
FRANK BURNSIDE,
VAUGHN E. BURTON,
EDWARD H. CARRASCO,
FRED COPLEY,
ESTATE OF MELVIN R. CONNELL, Deceased,
WILLARD L. CORBIN,
JEFFREY S. COX,
DWAYNE L. DAVIS,
S. K. DESAI,
COVAN G. DOWNS,
DONALD W. DURHAM,
MARJORIE SUE EVANOFF,
NORMA FERRIS,
W. M. FINCHER,
DANIEL E. GONZALES,
DALE M. GRIFFIN,
JOHNY HARRIS,
CHRISTOPHER L. HOLMES,
ROBERT F. KIRBY,
JOHN M. KINSEY (MITCH),
KENNETH KOBER,
JAMES L. LEWIS,
RONALD D. LYLES,
CLINTON E. MARRS,
MICHAEL J. MASHAW,
PHILIP J. MAXEY,
RICHARD MENUEY,
JERRY T. MOORE,
RAY P. MULLINS,
JOE L. NAVARRETTE,
JERRY NICHOLS,
MONTE R. PATTERSON,
HAROLD D. PRATER, JR.,
LAWRENCE A. RANDLETT,
RALPH J. RAY,
KENNEY L. RAYROUX,
HAROLD SOWERS,
DONALD R. SUGGS,
DENNIS H. SCHMIDT,
ROBERT TRAVIS SCOTT,
KENNETH F. SLATER,
BRETT A. SMITH,

No. CV-99-230-JLS

REBECCA SMITH,
STEVE (JOHNNY) SPRIGGS,
WILLIAM A. TRAVELSTEAD,
EDDIE J. WALLACE,
SHARON WARREN, WIDOW OF ROGER WARREN,
JOHN D. WILLMORE,
RUSSELL A. YATES,
BRUCE G. YATES,

      Plaintiffs,

vs.

CYPRUS AMAX MINERALS COMPANY,

      Defendant.

# AMENDED
# COMPLAINT FOR BREACH OF CONTRACT

COME NOW GEORGE V. ACOSTA, ELLEN B. BONNEY, WANDA BRICKER, JOHN F. BUHALTS III, JANE LYNNE BUJAC, FRANK BURNSIDE, VAUGHN E. BURTON, EDWARD H. CARRASCO, FRED COPLEY, ESTATE OF MELVIN R. CONNELL, Deceased, WILLARD L. CORBIN, JEFFREY S. COX, DWAYNE L. DAVIS, S. K. DESAI, COVAN G. DOWNS, DONALD W. DURHAM, MARJORIE SUE EVANOFF, NORMA FERRIS, W. M. FINCHER, DANIEL E. GONZALES, DALE M. GRIFFIN, JOHNY HARRIS, CHRISTOPHER L. HOLMES, ROBERT F. KIRBY, JOHN M. KINSEY (MITCH), KENNETH KOBER, JAMES L. LEWIS, RONALD D. LYLES, CLINTON E. MARRS, MICHAEL J. MASHAW, PHILIP J. MAXEY, RICHARD MENUEY, JERRY T. MOORE, RAY P. MULLINS, JOE L. NAVARRETTE, JERRY NICHOLS, MONTE R. PATTERSON, HAROLD D. PRATER, JR., LAWRENCE A. RANDLETT, RALPH J. RAY, KENNEY L. RAYROUX, HAROLD SOWERS, DONALD R. SUGGS, DENNIS H. SCHMIDT, ROBERT

TRAVIS SCOTT, KENNETH F. SLATER, BRETT A. SMITH, REBECCA SMITH, STEVE (JOHNNY) SPRIGGS, WILLIAM A. TRAVELSTEAD, EDDIE J. WALLACE, SHARON WARREN, WIDOW OF ROGER WARREN, JOHN D. WILLMORE, RUSSELL A. YATES, BRUCE G. YATES, (*Plaintiffs*), by and through Plaintiffs' attorney, W. T. Martin, Jr., of **Martin & Shanor**, and for Plaintiffs' *Amended Complaint for Breach of Contract and Recovery of Severance Pay Benefits* against **Cyprus Amax Minerals Company** (*Amax*) states:

1. This action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B). The District Court of Eddy County, New Mexico, has concurrent jurisdiction pursuant to 29 U.S.C. § 1132(e).

2. Plaintiffs are all residents of Eddy County, New Mexico.

3. Amax Potash Corporation was a Delaware corporation maintaining offices in Denver, Colorado. It was originally incorporated on or about November 10, 1983 as Amax Chemical of Florida, Inc. On or about July 21, 1986, it was subsequently renamed Amax Potash Corporation. Amax Potash Corporation was a wholly owned subsidiary of Amax, Inc.

4. In 1993, Amax, Inc., merged into a company subsequently known as Cyprus Amax Minerals Company. Cyprus Amax Minerals Company has substituted itself for Amax, Inc., with reference to any issues involved in this action and is the successor entity of Amax, Inc.

5. That for many years, Amax owned and operated a potash mine (*the Amax Mine*) in Eddy County, New Mexico.

6. Amax is authorized to conduct business in New Mexico and is currently carrying on business in New Mexico.

7. Amax has conducted business in New Mexico out of which this cause of action

arises.

8. That by virtue of Amax conducting business out of which this cause of action arises in Eddy County, New Mexico, Amax has subjected itself to the *in personam* jurisdiction of the District Court of Eddy County, New Mexico, and is subject to service of process pursuant to the long-arm statute of the state of New Mexico.

9. Prior to November 1, 1986, Amax operated a potash mine in Eddy County, New Mexico.

10. On or about the April 30, 1987, Amax adopted and implemented a written severance pay policy which is contractually binding and separately affected each salaried employee. (*A copy of the written severance pay policy is attached as Exhibit A and incorporated herein as if fully set forth.*)

11. That § 2.2 of the severance pay policy addresses divestiture of the company as follows:

> 2.2 **Separation Due to Reductions in Force, Technological Change or Other Business/Economic Reasons**
>
> Employees whose jobs are eliminated or restructured as a result of a staff reduction caused by merger, acquisition, divestiture*, unit shutdown, departmental consolidation, elimination due to technological change or elimination of position for other similar business reasons are eligible for the provisions of this section.
>
> The provisions of this section were developed to provide uniform and fair treatment to employees whose termination is a result of change in business conditions and to recognize that such employees deserve consideration when their employment is terminated through no fault of their own. To insure this, the Corporate Human Resources Department <u>must</u> review all staff reductions prior to the date such reduction is scheduled to occur.
>
> _____

Amended Complaint for Breach of Contract

Corporation, also known as Horizon Resources Corporation. Horizon Gold Corporation subsequently changed the name of Amax Potash Corporation to Horizon Potash Corporation.

17. On or about June 8, 1992, the Bureau of Land Management received application to assign the federal potassium leases from Amax Potash Corporation to Horizon Potash Corporation.

18. As a part of the transfer requirements, Horizon had to post adequate security or a bond. Horizon never posted the security or bond.

19. The Bureau of Land Management never approved the assignment of the potassium leases from Amax to Horizon.

20. As a result, Amax remained liable for the performance of the leases and the requirements contained in the potassium leases.

21. **43 C.F.R. 3506.5-2** provides: "The assignor and his/her surety shall continue to be responsible for the performance of any obligation under the permit or lease until the effective date of the approval of the assignment. If the assignment is not approved, the assignor's obligation to the United States shall continue as though no such assignment has been filed for approval."

22. Federal potassium leases are issued pursuant provisions contained in the Federal Mineral Leasing Act, **30 U.S.C. §187** *et. seq.* That statute provides in part:

> **No lease issued under the authority of this Act shall be assigned or sublet, except with the consent of the Secretary of the Interior. The lessee may, in the discretion of the Secretary of the Interior, be permitted at any time to make written relinquishment of all rights under such a lease, and upon acceptance thereof be thereby relieved of all future obligations under said lease, ... Each Lease shall contain provisions for the purpose of insuring...the payment of wages at least twice a month in lawful money of the United States,... and for the safeguarding of the public welfare:...**

23. On June 11, 1993, the potash mine was permanently closed and employees were permanently severed from employment at the mine. At the time of permanent closure, Amax still held the potassium leases with there never having been an approval of the assignment by the Bureau of Land Management.

24. An initial order of the Department of the Interior, Bureau of Land Management, held Amax to be having ongoing and continuing responsiblity for the potassium leases and the obligations incurred with reference to those potassium leases. Amax appealed the decision, and the Bureau of Land Management and Amax settled without final resolution of the issue.

25. Severance pay is a type of wage or compensation due to an employee for the purpose of aiding the employee in a transition when an employee suffers a loss of employment. It is aimed at promoting the public welfare by aiding unemployed employees during a transition to other employment.

26. Plaintiffs are entitled to severance pay in an amount to be determined by the Court. The amount of severance pay due Plaintiffs represents Amax's separate written contractual obligation to Plaintiffs arising under the potassium leases held by Amax.

27. Amax failed and refused to pay severance due to Plaintiffs.

28. Amax has no administrative procedures of process for Plaintiffs to pursue their claim of severance pay. There exists no administrative remedies for Plaintiffs to follow or exhaust. Further, if an administrative process were in existence it would be futile for Plaintiffs to exhaust such a remedy.

29. Plaintiffs have found it necessary to employ the legal services of Martin & Shanor, attorneys at law and, pursuant to 29 U.S.C. § 1132(g), are entitled to an award of attorney fees and costs.

30. Plaintiffs are also entitled to interest on the severance pay due Plaintiffs from date of permanent closure of the Amax Mine by Horizon forward.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Amax on behalf of Plaintiffs in an amount to be determined by the Court for the severance due to Plaintiffs, together with pre-judgment and post-judgment interest as allowed by law, Plaintiffs' costs expended herein, and that Plaintiffs be awarded a reasonable attorney's fee. Plaintiffs further pray that the Court grant such other and further relief as to it seems just and proper.

MARTIN & SHANOR

By _____
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(505) 887-3528
Fax (505) 887-2136
e-mail: martinlf@caverns.com
Attorney for Plaintiffs

THE EXHIBITS ATTACHED TO THE COMPLAINT IN THIS CASE CANNOT BE SCANNED. THE EXHIBITS ARE ATTACHED TO THE ORIGINAL COMPLAINT IN THE CASE FILE LOCATED IN THE RECORDS DEPARTMENT U. S. DISTRICT COURT CLERK'S OFFICE.